IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVIS OLT<br>(BOP Register No. 46245-177), | §<br>§<br>§ | |
| Movant, | §<br>§ | |
| V. | § | No. 3:14-cv-4232-L-BN |
| | § | |
| UNITED STATES OF AMERICA, | §<br>§ | |
| Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Travis Olt, a federal prisoner proceeding *pro se*, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, raising grounds that his counsel was constitutionally ineffective, that there was insufficient evidence to support his conviction, and that his confession was obtained in violation of his constitutional rights. *See* Dkt. Nos. 2 & 3. United States District Judge Sam A. Lindsay referred this action to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The government filed a response in opposition to Olt's motion, *see* Dkt. No. 11, and Olt filed a reply brief, *see* Dkt. No. 12. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Olt's Section 2255 motion.

**Applicable Background**

Olt waived indictment and pleaded guilty to a single count of transporting and shipping child pornography, contained in a felony information. *See United States v. Olt*,

No. 3:13-cr-292-L, Dkt. Nos. 15, 17, 18, 20, 21, 22, 23, 25, & 26. His sentence as calculated under the guidelines (262 months to 327 months) exceeded the statutory maximum of 240 months, but the Court sentenced Olt to a below-guidelines sentence of 150 months' imprisonment. *See id.*, Dkt. No. 37. Olt appealed, but the United States of Court of Appeals for the Fifth Circuit dismissed the appeal at his request. *See id.*, Dkt. No. 48.

Olt's timely filed this Section 2255 motion. *See* 28 U.S.C. § 2255(f)(1).

### Legal Standards and Analysis

Olt has not shown that his counsel was constitutionally ineffective. As such, because his guilty plea was validly entered, he has waived his substantive challenge to his confession. And his argument that his conviction is not supported by substantial evidence is foreclosed by binding precedent.

<u>Alleged Ineffective Assistance of Counsel and Confession Claims</u>

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel – whether that counsel represents a defendant at trial or on appeal – under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland*" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))).

Under *Strickland*, a movant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. And, to be cognizable under *Strickland*, counsel's error must be "so serious that counsel

was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The movant also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

To demonstrate prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question

is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

As Olt pleaded guilty, to establish prejudice, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This assessment

> will depend in part on a prediction of what the outcome of a trial might have been. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the prejudice inquiry will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. That assessment, in turn, will depend in large part on a prediction of whether the evidence likely would have changed the outcome of a trial.

*United States v. Kayode*, 777 F.3d 719, 724 (5th Cir. 2014) (quoting *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (in turn citing *Hill*, 474 U.S. at 56-58)); *see also del Toro v. Quarterman*, 498 F.3d 486, 490 (5th Cir. 2007) (a movant "need not prove by a preponderance that the result of the proceedings in the trial court would have been different, but he must sufficiently undermine confidence in the outcome to illustrate

that counsel's deficient performance caused the outcome of the proceeding to be unreliable or the proceeding to be fundamentally unfair" (citing *Armstead*, 37 F.3d at 207)).

Olt lists 19 separate reasons for why he believes that his counsel at the time, Terri Moore, was constitutionally ineffective:

> 1) Attorney for Defendant, Ms. Terri Moore, did not perform investigation and did not obtain discovery evidence for defense.
> 2) Defendant, Travis Olt, paid Ms. Moore $30,000.00 Thirty Thousand dollars, to defend him; she did not mount a defense for her client.
> 3) Counsel failed to move to Suppress Confession.
> 4) Counsel failed to move to Suppress Evidence.
> 5) Counsel failed to obtain and investigate application search warrant.
> 6) Counsel failed to move for an Evidentiary Hearing.
> 7) Counsel failed to hire or consult with expert witness concerning computer forensics.
> 8) Counsel failed to speak with or interview witnesses.
> 9) Counsel failed to prepare as indicated by her statement on page 72, lines 21 thru 23, of the Sentencing Hearing Transcript dated December 16, 2013.
> 10) Counsel had an ongoing capital defense case and moved her office during Defendant's representation and should have sought a continuance to have been able to present a competent defense.
> 11) Counsel failed to obtain a plea agreement.
> 12) Counsel failed to investigate whether the Posse Comitatus Act was violated.
> 13) Counsel failed to investigate whether the government conspired with Defendant's internet service provider to entrap her client.
> 14) Counsel failed to present a diminished capacity defense for her clients confession.
> 15) Counsel did not inform her client that there was any choice but to plead guilty and "throw yourself on the mercy of the court."; had Defendant known he had grounds for a defense, he would have aggressively pursued a trial.
> 16) Counsel should have argued unwarranted sentencing disparity for obtaining lower end of sentencing guidelines for Defendant.
> 17) Counsel advised her client to quit his job prior to his PSI investigation, which was bad advice.
> 18) Counsel failed to go over and explain PSI with Defendant.

    19) Counsel told client originally that he was looking at probation, then 2 years in prison, then 5 years in prison.

Dkt. No. 3 at 6-7.

First, several of these theories are clearly foreclosed by the record in this case, which includes Olt's sworn testimony at the sentencing hearing. As to his "lower end of the sentencing guidelines" claim, Olt was sentenced to 150 months' incarceration, well below the minimum of the applicable guidelines range (240 months, *see* USSG § 5G1.1(a)). And concerning his claim that Ms. Moore "failed to go over and explain [the presentence reports to him]," at sentencing – before going into the various objections filed by his counsel – the Court asked

> have you had sufficient time to read and discuss the pre-sentence report and the addendum to the pre-sentence report with your attorney, Ms. Moore?
>
> THE DEFENDANT OLT: Yes, I have, Your Honor.

No. 3:13-cr-292-L, Dkt. No. 47 at 5:2-6.

The governments asserts that, of these 19 claims, "Olt supports only two claims with specific facts – counsel's inadequate investigation of the facts and circumstances of the case and her failure to file a motion to suppress his confession" and that therefore "[t]he rest of his ineffective-assistance-of-counsel claims should be dismissed because his assertions are vague and conclusory." Dkt. No. 11 at 10-11.

Olt argues in reply that any failure to develop his claims is mainly because Ms. Moore failed to investigate. *See, e.g.,* Dkt. No. 12 at 5 (asserting that "[b]oth the Government and the petitioner agree on the point of absent evidence being a necessary

element and a critical component. The very lack of evidence submitted by Olt's counsel proves he was disadvantaged by her performance and has suffered accordingly," and, as to his the alleged invalidity of his guilty plea, asserting that he "was not given a 'choice' ... without an investigation and discovery which his counsel neglected to conduct or obtain, no defensive strategy could be developed").

Under *Strickland*, counsel's duty is "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691. And the Fifth Circuit has held that, "[i]n assessing unreasonableness a heavy measure of deference must be applied to counsel's judgments. A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted).

> Without such a showing, "'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.'" *Id.* (quoting *United States ex rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991)). The Fifth Circuit has advised: "We must be particularly wary of 'argument[s] [that] essentially come[ ] down to a matter of degrees. Did counsel investigate enough? Did counsel present enough mitigating evidence? Those questions are even less susceptible to judicial second-guessing." *Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000) (quoting *Kitchens v. Johnson*, 190 F.3d 698, 703 (5th Cir. 1999)) (alterations in original).

*Chapman v. United States*, Nos. EP-14-cv-0062-KC & EP-09-cr-2453-KC-3, 2015 WL 2339114, at *12 (W.D. Tex. May 13, 2015).

Olt argues specifically that further investigation by counsel would have resulted

in a motion to suppress his confession. *See* Dkt. No. 3 at 10-11; Dkt. No. 12 at 4. As to this contention, in the criminal complaint filed in this case, the Homeland Security Investigations Special Agent's sworn affidavit in support of an arrest warrant provides that agents executed a search warrant at Olt's residence on May 16, 2013 at approximately 6:30 a.m. and that, after the house was cleared, Olt was interviewed after he was advised on his *Miranda* rights and waived them. *See* No. 3:13-cr-292-L, Dkt. No. 1 at 9. But Olt now argues that he "was, in fact, in custody and being questioned beginning at 6:30 a.m. and was not given *Miranda* warnings until 7:15 a.m." Dkt. No. 3 at 11 ("[I]t was 45 minutes after his being placed in custody by being physically removed form his home contrary to the officers continued statement that Olt could leave and was not under arrest, their actions: physically pulling him out of his home; not allowing him to speak with his fiancee when she arrived; watching him get dressed; escorting him to the bathroom; not allowing him to leave and fetch his dogs who had been allowed to get out.").

First, Olt's arguments do not show that a motion to suppress his confession likely would have succeeded, because he has not shown that he was in custody, being interrogated, prior to receipt of *Miranda* warnings. *See Murray v. Earle*, 405 F.3d 278, 286 (5th Cir. 2005) ("An individual's Fifth Amendment right against self-incrimination is implicated only during a 'custodial' interrogation." (citations omitted)). For example, he admits that he was told by officers that he "could leave and was not under arrest" and admits that he not restrained and that he was questioned near his home. *See United States v. Wright*, 777 F.3d 769, 776-77 (5th Cir. 2015).

Moreover, Olt has waived a substantive challenge to his confession. That is, while he has speculated as to additional investigative avenues that could have been pursued (including as to a suppression motion), he has failed to allege prejudice under *Hill* by showing any likelihood that the investigations he claims Ms. Moore was constitutionally ineffective for not pursuing would have led to evidence that "likely would have changed the outcome of a trial." *Armstead*, 37 F.3d at 206.

In other words, Olt's mere speculations do not "sufficiently undermine confidence in the outcome of his criminal proceedings." *del Toro*, 498 F.3d at 490. Olt has therefore failed to show that his plea of guilty was not validly entered, and, accordingly, he has waived "all nonjurisdictional defects in the proceedings," including his substantive challenge to the confession. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) ("A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." (citing *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991))); *see United States v. Appiah*, Crim. A. No. H-06-15 & Civ. A. No. H-09-2400, 2010 WL 1340703, at *5 (S.D. Tex. Mar. 29, 2010) ("By entering a plea of guilty, Defendant waived all non-jurisdictional defects, including the denial of a motion to suppress." (citing *United States v. Sanchez Guerrero*, 546 F.3d 328, 331 (5th Cir. 2008))); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense

with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

Finally, as the government points out, and in further support of counsel's strategic choice not to file a motion to suppress Olt's confession, "there was overwhelming evidence of [Olt's] guilt, and he cannot prove that suppression of the confession would have led to a different outcome." Dkt. No. 11 at 14 (citing the criminal complaint and pre-sentence report, which documented a forensic search of Olt's computer that "revealed 118 images of child pornography, 1,129 videos of child pornography, over 168 hours of child pornography videos, 738 images of adult-difficult pornography, and 318 age-difficult videos" (citing No. 3:13-cr-292-L, Dkt. No. 27, ¶ 13)).

Sufficiency of the Evidence

Olt's final argument is that merely placing a file in a shared computer folder using peer-to-peer software does not meet the legal definition of "transporting or shipping," such that "the evidence does not support" his "conviction under 18 U.S.C. § 2252[A](a)(1)." Dkt. 3 at 18; *see id.* at 18-21. But this argument is foreclosed by Fifth Circuit precedent. *See United States v. Richardson*, 713 F.3d 232, 236 (5th Cir. 2013) (concluding "that downloading images and videos containing child pornography from a peer-to-peer computer network and storing them in a shared folder accessible to other users on the network amounts to distribution under § 2252A(a)(2)(B) under the stipulated facts in [that] case"). Similarly, here, Olt admitted to all elements of the applicable offense – including "knowingly transport[ing] or shipp[ing]" child

pornography – and he has admitted to making more than 600 child pornography images available to others through a peer-to-peer network. No. 3:13-cr-292-L, Dkt. No. 18, factual resume, at 2. This final argument therefore lacks merit.

## Recommendation

The Court should deny Olt's Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE